IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Sam Begay,<br><br>    Petitioner,<br><br>vs.<br><br>Deputy Warden Freeland, et al.,<br><br>    Respondents. | No. CV 10-1256-PHX-DGC (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Daniel Sam Begay. Doc. 1. Pursuant to a plea agreement, Petitioner pled guilty on May 9, 2000, in Coconino County Superior Court Case No. CR 2000-240, to attempted sexual conduct with a minor, a class 3 felony and dangerous crime against children under Arizona law. Doc. 14, Exh. C, D, E. The guilty plea also resulted in a probation violation for a prior theft offense. Doc. 14, Exh. D, E. On June 6, 2000, Petitioner was sentenced to lifetime probation for the attempted sexual conduct with at minor offense, the terms of which included 6 months in the county jail. Doc. 14, Exh. F. For the probation violation, the court reinstated Petitioner to a concurrent term of intensive probation. Id.

On January 2, 2003, the probation department filed a Petition for Revocation of Probation in which it alleged that Petitioner failed to comply with several terms of his probation. Doc. 14, Exh. G. Because Petitioner had absconded, a bench warrant was issued against him. Doc. 14, Exh. H. More than four years later, Petitioner appeared on the executed warrant. Doc. 14, Exh. I. In addition to the probation revocation charge in CR 2000-240, Petitioner was also charged with a new offense, failure to register as a sex offender, in CR2007-300.[1]

On May 15, 2007, Petitioner entered a plea agreement in which he pled guilty to failure to give notice of change of address as a sex offender (amended from failure to register as a sex offender) and admitted to violating probation. Doc. 14, Exh. K, L, M. On July 17, 2007, the court revoked Petitioner's probation and sentenced him to a mitigated term of 8 years in prison for the attempted sexual conduct with a minor conviction. Doc. 14, Exh. N, O. Regarding the failure to give notice offense, the court imposed a concurrent prison sentence of 2.5 years. Id.

On August 20, 2007, Petitioner filed a Notice of Post-Conviction Relief under Rule 32 of the Arizona Rules of Criminal Procedure. Doc. 14, Exh. P. On January 8, 2008, appointed counsel filed a motion to withdraw and motion for leave to allow Petitioner to file a *pro se* petition for post-conviction relief. Doc. 14, Exh. R. Counsel stated in the motion that he could find no claims for relief to raise in the petition. Id. The court granted the motion and on February 15, 2008, Petitioner filed a *pro se* Petition for Post-Conviction Relief. Doc. 14, Exh. T. After briefing was completed, the trial court denied the petition for post-conviction relief on May 6, 2008. Doc. 14, Exh. Y. A Petition for Review in the Arizona Court of Appeals was summarily denied on August 14, 2009. Doc. 14, Exh. Z, AA. A subsequent Petition for Review to the Arizona Supreme Court was rejected because it was untimely and an insufficient number of copies was submitted. Doc. 14, Exh. BB.

---

[1] Presumably, because Respondents' Answer (Doc. 14) contains no further discussion of the issue, Petitioner completed his sentence of intensive probation for the prior theft offense.

- 2 -

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in this court on June 14, 2010. Doc. 1. He alleges two grounds for relief. In ground one, Petitioner alleges that he received an illegal sentence in violation of the Due Process Clause of the Fourteenth Amendment. He contends the court erred by sentencing him under Arizona Revised Statutes § 13-604.01, which Petitioner claims was not applicable to his offense of attempted sexual conduct with a minor. In ground two, Petitioner alleges that his attorney provided ineffective assistance of counsel in violation of the Sixth Amendment when he failed to challenge the application of A.R.S. § 13-604.01 to his offense. On December 7, 2010, Respondents filed an Answer to Petition for Writ of Habeas Corpus. Doc. 14. Petitioner has not filed a reply.

## DISCUSSION

Respondents first contend that the petition is barred by the statute of limitations. They further argue that ground one is procedurally defaulted, and that it is not cognizable in a federal habeas petition because it presents a state law issue.

Respondents' statute of limitations argument relies on a determination that under 28 U.S.C. § 2244(d)(1)(A), the state court judgment became final back in 2000 when Petitioner was sentenced to lifetime probation. They argue, therefore, that his habeas petition is late by more than eight years. Respondents have presented no binding authority to support their argument that the statute of limitations began to run back in 2000 when Petitioner was sentenced to probation.[2] The court finds their argument to be without merit and will not recommend denying the petition on this basis.

---

[2] The one case cited by Respondents, Caldwell v. Dretke, 429 F.3d 521 (5th Cir. 2005), is inapplicable. Petitioner Caldwell's habeas petition challenged only the underlying convictions for which he was initially sentenced to probation. Id. at 523. The court explained that the issue was "whether an order of deferred adjudication following a guilty plea is a final judgment upon the expiration of the time for seeking direct review, for purposes of section 2244, *when the applicant only challenges issues pertaining to his guilt.*" Id. at 525 (emphasis added). Here, Petitioner is challenging the length of the sentence imposed after his probation was revoked, not the underlying conviction.

- 3 -

The court does find, however, that Petitioner's claim in ground one is not cognizable on federal habeas review, and that Petitioner's claim in ground two should be denied on the merits. The court will, therefore, recommend that the petition be dismissed.

**A.     Cognizable Claims**

To be eligible for federal habeas corpus relief, a state prisoner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief is not available for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). It is not the policy of the federal courts to re-examine state court determinations of state law questions. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal courts are without jurisdiction to review State court applications of state procedural rules. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1998). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). "[T]he Supreme Court has long settled that the Fourteenth Amendment does not assure immunity from judicial error or uniformity of judicial decisions." Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006).

Respondents argue that Petitioner's claim alleges the misapplication of a state sentencing statute which is not cognizable on federal habeas review. Further, they argue that he fails to demonstrate how the sentence violated his Fourteenth Amendment rights.

In his state petition for post-conviction relief, Petitioner argues that he was entitled to relief pursuant to State v. Gonzalez, 216 Ariz. 11, 162 P.3d 650 (App. 2007). In Gonzalez, the Arizona Court of Appeals held that the enhanced sentencing statute for dangerous crimes against children under which Gonzalez was sentenced did not apply to attempted sexual conduct with a minor under the age of twelve. The Court ruled that despite what was likely an oversight by the state legislature, it was bound to follow the plain language of the statute, which did not encompass attempted sexual conduct with a victim under twelve. Id. at 13-14, 162 P.3d at 652-53. The Court therefore concluded that the 7.5 year sentence imposed against Gonzalez for attempted sexual conduct with a minor was illegal, and it remanded the matter for resentencing. Id. at 15, 162 P.3d at 654.

Petitioner's habeas petition raises essentially the same claim that he presented in the state post-conviction proceedings. Petitioner's attempt to characterize the claim as a violation of due process does not transform it into a federal claim. The claim turns solely on the interpretation and application of a state sentencing law, A.R.S. § 13-604.01, and is, therefore, not cognizable on federal habeas review. Moreover, by failing to file a reply to Respondents' answer, Petitioner has done nothing to refute Respondents' argument. Because federal habeas review is unavailable for Petitioner's claim, the court will recommend that this claim be denied.

**B.     Merits Analysis**

  **1.     AEDPA Standard of Review**

Under the AEDPA[3], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06. "A state court's decision can involve an 'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002). Thus, the

---

[3] Antiterrorism and Effective Death Penalty Act of 1996.

1 "unreasonable application" clause requires the state court's application of Supreme Court law 2 to be more than incorrect or erroneous; it must be objectively unreasonable. Lockyer v. 3 Andrade, 538 U.S. 63, 75 (2003). "When applying these standards, the federal court should 4 review the 'last reasoned decision' by a state court ...." Robinson v. Ignacio, 360 F.3d 1044, 5 1055 (9th Cir. 2004).

### 2. Legal Standard for Ineffective Assistance Claims

The two-prong test for demonstrating ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 689-90. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689.

In the context of a habeas petition, a petitioner must do more than demonstrate to the federal court that the state court applied Strickland incorrectly. Bell v. Cone, 535 U.S. 685, 698-99 (2002). Rather, a petitioner must demonstrate that the state court "applied Strickland to the facts of his case in an objectively unreasonable manner." Id.

Here, Petitioner claims his lawyer provided ineffective assistance when he failed to challenge the application of A.R.S. § 13-604.01 to his sentence. He contends that his lawyer should have challenged the state's contention regarding the victim's age, which would have called into question the application of the sentencing statute.

The last reasoned decision on this issue came from the trial court when it denied Petitioner's state petition for post-conviction relief. Doc. 14, Exh. Y at 4-5. The trial court explained that the victim's age was not a disputed issue and that Petitioner did not argue the

1 victim was any age other than 13, which was the age set forth by the prosecutor during the
2 change of plea factual basis. Id. at 1-5.  The court went on to explain that even if it found
3 deficient performance, Petitioner failed to show prejudice because whether the victim was
4 12, 13 or 14 years old, Petitioner was subject to the sentencing provisions of A.R.S. § 13-
5 604.01.

6 Petitioner's brief ineffective assistance claim in ground two presents nothing to show
7 that the state trial court applied Strickland incorrectly, let alone that it was applied in an
8 objectively unreasonable manner.  Because Petitioner has failed to satisfy the standard for
9 habeas relief, the court will recommend that ground two be denied.

10 **C.     Conclusion**

11 The court having determined that ground one is not cognizable on federal habeas
12 review, and that ground two fails on the merits, it will recommend that the petition be
13 dismissed.

14 **IT IS THEREFORE RECOMMENDED:**

15 That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be
16 **DENIED** and **DISMISSED WITH PREJUDICE**;

17 **IT IS FURTHER RECOMMENDED**:

18 That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal
19 be **DENIED** because Petitioner has not made a substantial showing of the denial of a
20 constitutional right.

21 This recommendation is not an order that is immediately appealable to the Ninth
22 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
23 Appellate Procedure, should not be filed until entry of the district court's judgment.  The
24 parties shall have 14 days from the date of service of a copy of this recommendation within
25 which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.
26 Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days within which to file a response
27 to the objections.  Failure to timely file objections to the Magistrate Judge's Report and
28 Recommendation may result in the acceptance of the Report and Recommendation by the

1  district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121
2  (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the
3  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
4  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
5  recommendation.  See Fed. R. Civ. P. 72.

      DATED this 24th day of March, 2011.

*Edward C. Voss*
Edward C. Voss
United States Magistrate Judge